IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**Garrett George and**
**Ashley George,**
        **Plaintiffs,**

vs.                                                          Civil Action No.:  2:20-cv-00361

**Evergreen Bank Group**
**d.b.a. Freedom Road Financial,**
        **Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

*Introduction*

In 1991, Congress enacted the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 to protect consumers from debt collectors and telemarketers.  In doing so, Congress recognized that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." 47 U.S.C. §227, Congressional Statement of Findings No. 13.  Specifically, in enacting the TCPA, Congress outlawed unsolicited automated or pre-recorded telephone calls finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

47 U.S.C. § 227, Congressional Statement of Findings No. 10 and No. 12.  Moreover, the West Virginia Legislature found that additional protections were needed and passed the West Virginia Consumer Credit and Protection Act (herein "WVCCPA"), which is a hybrid of the Uniform Credit Code and the National Consumer Act, to further protect West Virginians from consumer

abuses. This consumer action concerns the Defendant's disregard for those protections, provided by the TCPA and the WVCCPA, in its attempts to collect a debt from Plaintiff.

### *The Parties*

1. The Plaintiffs, Garrett and Ashley George, hereinafter "Plaintiffs" or "Mr. and Ms. George," are residents of Kanawha County, West Virginia, and reside in the Southern District of West Virginia.

2. The Plaintiffs are persons who fall under the protection of Article 2 of the WVCCPA and are entitled to the remedies set forth in Article 5 of the WVCCPA.

3. The Defendant, Evergreen Bank Group d.b.a. Freedom Road Financial, hereinafter "Evergreen Bank" or "Defendant," is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4. The Defendant is a debt collector as defined by West Virginia Code § 46A-2-122(d) engaging directly or indirectly in debt collection, as defined by West Virginia Code § 46A-2-122(c), within the State of West Virginia, including Kanawha County, West Virginia.

### *Jurisdiction*

5. This Court has Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### *Factual Allegations*

6. The Plaintiffs have telephone numbers that are assigned to cellular telephone services.

7. After the Plaintiffs became in arrears upon the alleged indebtedness to the Defendant Evergreen Bank, the Defendant began to engage in collection of such indebtedness through the

use of telephone calls placed to the Plaintiffs, by written communications, and did otherwise communicate with the Plaintiffs to collect the alleged debt.

8. Upon information and belief, the Defendant placed multiple calls to the Plaintiffs' cellular phones using an "automatic telephone dialing systems" (herein "ATDS"), and those calls were not regarding an emergency or about a debt owed to the United States, in violation of 47 U.S.C § 227(b)(1)(A).

9. All calls placed by the Defendant were to the Plaintiffs' cellular telephones.

10. The Plaintiffs asked the Defendant to stop calling their cellular telephones, thereby revoking any consent to call that the Defendant may have had.

11. The Plaintiffs used reasonable means in revoking the Defendant's consent to call their cellular telephones when they verbally requested that the Defendant stop calling them during a phone call with the Defendant.

12. However, the Defendant continued to cause telephone calls to be placed to the Plaintiffs' cellular telephones.

13. Upon information and belief, the Defendant maintains records of each call placed to the Plaintiffs by date, time called, duration of call, the identity of any of the Defendant's employees involved in the call, and the notes or codes placed upon such record by the Defendant's employee(s).

14. Such records will reflect that the Defendant placed telephone calls to the Plaintiffs' cellular telephone numbers after the Plaintiffs revoked the Defendant's consent to place calls to those phones.

15. The Defendant's multiple calls caused the Plaintiffs' telephones to ring repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiffs.

16. Upon information and belief, at no time did the Plaintiffs provide prior express permission for anyone to call their cellular telephone numbers using an ATDS.

17. As a result of the Defendant's actions, the Plaintiffs lost time in dealing with the Defendant's unwanted calls and lost the ability to make calls during the time that their phone lines were tied up by the Defendant's calls.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

18. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

19. Upon information and belief, the Defendant used an automatic telephone dialing system (ATDS) as defined by 47 U.S.C. § 227 (a)(1), when it placed each and every call to the Plaintiffs' phone numbers, assigned to cellular telephones, within the last four years.

20. Upon information and belief, the Defendant initiated calls to the Plaintiffs' telephones using an ATDS, or artificial, and/or prerecorded voices without the express consent of the Plaintiffs, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) of the TCPA.

21. The Plaintiffs revoked, by a reasonable means, any authorization the Defendant had to call the Plaintiffs' cellular telephone numbers.

22. Upon information and belief, the Defendant placed the calls to the Plaintiffs willfully and knowingly, and the Defendant's actions, in placing the calls to the Plaintiffs, were not accidental.

23. Pursuant to 47 U.S.C § 227 (b)(3)(B), Plaintiffs should receive $500.00 in damages for each such violation of the TCPA and $1,500 for each willful violation.

24. As a result of the Defendant's actions, the Plaintiffs lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that their phone lines were tied up by the Defendant's calls, and have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT II

**VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**

25. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

26. The Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to:

   a. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiffs in connection with the attempt to collect a debt by placing telephone calls to the Plaintiffs after the Plaintiffs requested the Defendant stop calling the Plaintiffs, in violation of *West Virginia Code* § 46A-2-125;

   b. causing the Plaintiffs' phones to ring or engaging persons, including the Plaintiffs, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs after the Plaintiffs requested that the Defendant stop calling them, in violation of *West Virginia Code* § 46A-2-125(d);

   c. engaging in unfair and/or unconscionable means in causing the Plaintiffs' phones to ring repeatedly or continuously or at unusual times or at times known to be

inconvenient, with the intent to annoy, abuse or oppress the Plaintiffs after the Plaintiffs requested that the Defendant stop calling them, in violation of *West Virginia Code* § 46A-2-128;

27. As a result of the Defendant's actions, the Plaintiffs lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that their phone lines were tied up by the Defendant's calls, and have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT III

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

28. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

29. The Plaintiffs are "persons" as defined by West Virginia Code § 61-3C-3(n), as the Plaintiffs are "natural persons."

30. The Defendant, Evergreen Bank Group d.b.a. Freedom Road Financial, is a "person" as defined by West Virginia Code § 61-3C-3(n), as the Defendant is a "limited partnership, trust association or corporation."

31. The Defendant, with the intent to harass, used an "electronic communication device," as defined by West Virginia Code § 61-3C-14a(b)(1), to make contact with the Plaintiffs after being requested by the Plaintiffs to desist from contacting them, in violation of West Virginia Code § 61-3C-14a(a)(2).

32. The Plaintiffs were injured as a result of the violations of the West Virginia Computer Crimes and Abuse Act as set forth above.

33. The Plaintiffs seek compensatory damages for injuries provided by West Virginia Code § 61-3C-16(a)(1) and punitive damages pursuant to West Virginia Code § 61-3C-16(a)(2).

34. As a result of the Defendant's actions, the Plaintiffs lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that their phone lines were tied up by the Defendant's calls, and have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### VIOLATION OF TELEPHONE HARASSMENT STATUTE

35. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

36. The Defendant placed or caused to be placed telephone calls to the Plaintiffs, causing the Plaintiffs' telephones to ring repeatedly and continuously with the intent to annoy and harass the Plaintiffs, in violation of West Virginia Code § 61-8-16(a)(3).

37. The Plaintiffs were injured by Defendant's violation of West Virginia Code § 61-8-16(a)(3).

38. As the Plaintiffs were injured by the Defendant's violation of West Virginia Code § 61-8-16(a)(3), the Plaintiffs have a civil cause of action for damages the Plaintiffs sustained by reason of said statutory violation, pursuant to West Virginia Code §55-7-9.

39. As a result of the Defendant's actions, the Plaintiffs lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that their phone lines were tied up by the Defendant's calls, and have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT V

### COMMON LAW NEGLIGENCE

40. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

41. The Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the TCPA and the WVCCPA as alleged in Counts I and II.

42. The Defendant failed to properly train its employees and staff to avoid violations of state and federal debt collection laws.

43. The Defendant does not have appropriate policies and procedures in place for compliance with state and federal debt collection laws.

44. The Plaintiffs' damages are a proximate cause of the Defendant's conduct as outlined in this Complaint.

45. As a result of the Defendant's actions, the Plaintiffs lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that their phone lines were tied up by the Defendant's calls, and have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

47. The following conduct of the Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a.    The Defendant placed telephone calls to the Plaintiffs after the Defendant knew that the Plaintiffs had revoked its authorization to call them, in gross violation of the TCPA and the WVCCPA;

    b.    The Defendant has adopted policies and procedures without regard to state and federal law, which violate state and federal law, and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

    c.    Insofar as the Defendant's violations of the WVCCPA are deemed to be willful, pursuant to West Virginia Code § 46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

    d.    Insofar as the Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to West Virginia Code § 61-8-16(a)(3) and punishable by fine and/or imprisonment;

    e.    Insofar as the Defendant's conduct constituted knowingly allowing a phone under the Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by West Virginia Code § 61-8-16(b) and is punishable by fine and/or imprisonment.

48.    As a result of the Defendant's actions, the Plaintiffs have suffered emotional distress.

49.    As a result of the Defendant's actions, the Plaintiffs lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that their phone lines were tied up by the Defendant's calls, and have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT VII

### COMMON LAW INVASION OF PRIVACY

50. The Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

51. The Plaintiffs had, and have, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiffs' home.

52. The acts of the Defendant, in placing telephone calls to Plaintiffs' cellular phones, invaded, damaged, and harmed Plaintiffs' rights of privacy.

53. As a result of the Defendant's actions, the Plaintiffs suffered emotional distress.

54. As a result of the Defendant's actions, the Plaintiffs lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that their phone lines were tied up by the Defendant's calls, and have been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

### *Demand for Relief*

The Plaintiffs demand from the Defendant:

a. An award of statutory damages in the amount of $500.00 for each violation of the TCPA, as authorized by 47 U.S.C. § 227 (b)(3)(B), and $1,500 for each willful violation of the TCPA, as authorized by 47 U.S.C. § 227 (b)(3)(C);

b. Actual damages for the violations of the WVCCPA, as authorized by *West Virginia Code* § 46A-5-101(1), for all such violations that occurred up to the date and time of the filing

of this complaint;

c. Statutory damages in the maximum amount authorized by *West Virginia Code* § 46A-5-101(1), as adjusted for inflation pursuant to *West Virginia Code* § 46A-5-106, for all such violations that occurred up to the date and time of the filing of this complaint;

d. The Plaintiffs' cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* § 46A-5-104;

e. General damages for the Defendant's negligence, as alleged in Count V;

f. General damages and punitive damages for the Defendant's conduct, as alleged in Count VI and VII; and

g. Such other relief as the Court shall deem just and proper under the attendant circumstances.

**THE PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE**

        **GARRETT GEORGE and**
        **ASHLEY GEORGE,**
        BY COUNSEL

BY:   /s/ Megan A. Patrick
       Benjamin M. Sheridan (WVSB #11296)
       Megan A. Patrick (WVSB #12592)
       Klein & Sheridan, LC
       3566 Teays Valley Road
       Hurricane, WV 25526
       T: (304) 562-7111
       F: (304) 562-7115
       E: mpatrick@kswvlaw.com
       *Counsel for Plaintiffs*